FILED

2017 AUG 21 PM 3: 14

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHILIP NIGRO,

Plaintiff,                                     CASE NO.:  6:17cv1531-orl-41GJK

-vs-

BANK OF AMERICA, N.A.,

Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Philip Nigro, by and through the undersigned counsel, and sues Defendant, BANK OF AMERICA, N.A., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1.     The TCPA was enacted to prevent companies like BANK OF AMERICA, N.A. from invading American citizen's privacy and prevent abusive "robo-calls."

2.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of

1

the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give

telephone subscribers another option: telling the autodialers to simply stop calling."

*Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4.    According   to   the   Federal   Communications   Commission   (FCC),

"Unwanted calls and texts are the number one complaint to the FCC. There are thousands

of complaints to the FCC every month on both telemarketing and robocalls. The FCC

received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal*

*to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless*

*Phones*,    Federal    Communications    Commission,    (May    27,    2015),

http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-

333676A1.pdf.

## JURISDICTION AND VENUE

5.    This is an action for damages exceeding Seventy-Five Thousand Dollars

($75,000.00) exclusive of attorney fees and costs.

6.    Jurisdiction and venue for purposes of this action are appropriate and

conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves

violations of the TCPA.

7.    Subject matter jurisdiction, federal question jurisdiction, for purposes of

this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the

district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States; and this action involves violations of

47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.     The alleged violations described herein occurred in Volusia County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Volusia County, Florida

10.     Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11.     Plaintiff is an "alleged debtor."

12.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.     Defendant, BANK OF AMERICA, N.A., is a corporation with its principal place of business located at 100 North Tryon Street, Charlotte, NC 28255 and which conducts business in the State of Florida through its registered agent, C T Corporation System located at 1200 South Pine Island Road, Plantation, FL 33324.

14.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15.     BANK OF AMERICA, N.A. is a "creditor" as defined in Florida Statute §559.55(5)

16.     BANK OF AMERICA, N.A. called Plaintiff on Plaintiff's cellular telephone approximately 300 times in an attempt to collect a debt.

17.     BANK OF AMERICA, N.A. attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

18.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line and/or he received prerecorded messages from BANK OF AMERICA, N.A.

19.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (386)***-4299, and was the called party and recipient of Defendant's calls.

20.     BANK OF AMERICA, N.A. placed an exorbitant number of automated calls to Plaintiff's cellular telephone (386)***-4299 in an attempt to collect on an auto loan.

21.     On several occasions over the last four (4) years Plaintiff instructed BANK OF AMERICA, N.A.'s agent(s) to stop calling his cellular telephone, including in December, 2015 and February, 2016. BANK OF AMERICA, N.A. has a corporate policy

to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

22.     BANK OF AMERICA, N.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or BANK OF AMERICA, N.A., to remove the number.

23.     BANK OF AMERICA, N.A.'s corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to BANK OF AMERICA, N.A. they wish for the calls to stop.

24.     BANK OF AMERICA, N.A. has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

25.     BANK OF AMERICA, N.A. has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

26.     BANK OF AMERICA, N.A. has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

27.     BANK OF AMERICA, N.A.'s corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

28.     BANK OF AMERICA, N.A. has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

29.     Not a single call placed by BANK OF AMERICA, N.A. to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

30.     BANK OF AMERICA, N.A. willfully and/or knowingly violated the TCPA with respect to Plaintiff.

31.     From each and every call placed without consent by BANK OF AMERICA, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

32.     From each and every call without express consent placed by BANK OF AMERICA, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from BANK OF AMERICA, N.A.'s calls.

33.     From each and every call placed without express consent by BANK OF AMERICA, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of the features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

34.     Each and every call placed without express consent by BANK OF AMERICA, N.A. to Plaintiff's cell phone was an injury in the form of a nuisance and

annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of the features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

35. Each and every call placed without express consent by BANK OF AMERICA, N.A. to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

36. Each and every call placed without express consent by BANK OF AMERICA, N.A. to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

37. Each and every call placed without express consent by BANK OF AMERICA, N.A. to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

38. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

## COUNT I
### (Violation of the TCPA)

39.     Plaintiff fully incorporates and realleges paragraphs 1 through 38 as if fully set forth herein.

40.     BANK OF AMERICA, N.A. willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified BANK OF AMERICA, N.A. that he wished for the calls to stop.

41.     BANK OF AMERICA, N.A. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against BANK OF AMERICA, N.A. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

42.     Plaintiff fully incorporates and realleges paragraphs 1 through 38 as if fully set forth herein

43.     At all times relevant to this action BANK OF AMERICA, N.A. is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

44.     BANK OF AMERICA, N.A. has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

45.     BANK OF AMERICA, N.A. has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

46.     BANK OF AMERICA, N.A.'s actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against BANK OF AMERICA, N.A. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Amy M. Ferrera, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
afloyd@forthepeople.com
Florida Bar #: 15313
Attorney for Plaintiff

9